IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**JASON CRITZER,**

    Plaintiff,

v.                                            Civil Action No. **3:22CV553**

**MANASSAS FOOT CLINIC,** *et al.***,**

    Defendants.

### MEMORANDUM OPINION

Jason Critzer, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I. PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356

(1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (citation omitted). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the

inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. SUMMARY OF ALLEGATIONS

In his Particularized Complaint, Critzer names as Defendants: "Dr. Ricardo Bennett, Manassas Foot Clinic, and nurse." (ECF No. 13, at 1.) In support of his claims, Critzer alleges:[1]

> 1.  While being held at Prince William Adult Detention Center, I suffered from several ingrown toenails, which the Center was unable to treat properly. I was then sent to the Manassas Foot Clinic. While treating the ingrown toenails, the nurse spilled a chemical on the top of my foot which caused a severe burn. The burn caused a very serious scar, which I will have for life and bothers me to this day.
> 2.  Upon return to the jail, Sergeant DeGall wrote a report and took pictures of the burn. I have been unable to obtain this report and pictures.
>
> My rights were violated when I received this burn because burning was not one of the listed side effects of the treatment and I have suffered a great deal with this burn and scar.

(ECF No. 13, at 1.) Critzer demands monetary damages. (*Id.* at 2.)

## III. ANALYSIS

The Court need not engage in an extended discussion of Critzer's theories for relief. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims" (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989))).

It is not clear at the time of the events described above whether Critzer was a pretrial detainee or a convicted defendant. If Critzer was a "'pretrial detainee and not a convicted

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system. Where possible, the Court corrects the punctuation, capitalization, and spelling in quotations from Critzer's Particularized Complaint.

3

prisoner,' the Fourteenth Amendment, and not the Eighth Amendment, governs his claim[s]." *Mays v. Sprinkle*, 992 F.3d 295, 300 (4th Cir. 2021) (quoting *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988)). "[A] pretrial detainee has a right under the Due Process Clause to be free from punishment before his guilt is adjudicated." *Tate v. Parks*, 791 F. App'x 387, 390 (4th Cir. 2019) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). In the context of inadequate medical care or conditions posing a risk to a detainee's health, however, to survive a motion to dismiss under either the Eighth Amendment or Fourteenth Amendment, a plaintiff must allege facts that indicate that the defendant acted with deliberate indifference. *Brown v. Harris*, 240 F.3d 383, 388 (4th Cir. 2001) ("[W]e need not resolve whether Brown was a pretrial detainee or a convicted prisoner because the standard in either case is the same—that is, whether a government official has been 'deliberately indifferent to any [of his] serious medical needs.'" (second alteration in original) (quoting *Belcher v. Oliver*, 898 F.2d 32, 34 (4th Cir. 1990))); *see also Tarashuk v. Givens*, 53 F.4th 154, 163 (4th Cir. 2022).

"The test for deliberate indifference is two-pronged and includes both objective and subjective elements." *Stevens v. Holler*, 68 F.4th 921, 931 (4th Cir. 2023) (citing *Mays*, 992 F.3d at 299). A plaintiff must demonstrate that (1) he "was exposed to a substantial risk of serious harm (the objective prong); and (2) the prison official knew of and disregarded that substantial risk to the inmate's health or safety (the subjective prong)." *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 837–38 (1994); *see Westmoreland v. Brown*, 883 F. Supp. 67, 72 (E.D. Va. 1995) (observing "punishment, whether for a convicted inmate or a pretrial detainee, is the product of intentional action, or intentional inaction, respecting known and substantial risks of harm." (citing *Farmer*, 511 U.S. at 837–38).

"Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. *Farmer* teaches "that general knowledge of facts creating a substantial risk of harm is not enough. The prison official must also draw the inference between those general facts and the specific risk of harm confronting the inmate." *Johnson v. Quinones*, 145 F.3d 164, 168 (4th Cir. 1998) (citing *Farmer*, 511 U.S. at 837).

Critzer's allegations fail to indicate that any of the defendants acted with the level of recklessness necessary to support a claim of deliberate indifference. Rather, Critzer's allegations indicate that an unnamed nurse inadvertently "spilled" a caustic substance on Critzer's foot. (ECF No. 13, at 1.) When a nurse or doctor prison doctor "provides treatment, albeit carelessly or inefficaciously, to a prisoner, he [or she] has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation." *Winkler v. Madison Cnty.*, 893 F.3d 877, 891 (6th Cir. 2018) (quoting *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001)).

## IV. CONCLUSION

For the foregoing reasons, Critzer's claims and the action will be DISMISSED. The Clerk will be DIRECTED to note the disposition of the action for the purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

Date: 13 November 2023
Richmond, Virginia

/s/ John A. Gibney, Jr.
Senior United States District Judge

5